UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAYTON THOMAS JARRARD,

      Plaintiff,

      v.                                      No. 3:24 CV 559

MATHIAS,

      Defendant.

## OPINION and ORDER

Payton Thomas Jarrard, a prisoner without a lawyer, filed a complaint about a strip search that occurred at Indiana State Prison. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jarrard alleges that on April 23, 2024, Officer Mathias came to his cell to conduct a shakedown. As part of the shakedown, she conducted a strip search. Jarrard alleges that after he pulled his long johns down, she ordered him to lift his genitals. When he complied, she commented, "Now, that looks tasty." (DE # 1 at 2.) Then, she ordered him to turn around and spread his butt cheeks. Officer Mathias commented, "Is that the

farthest you can bend over?" Jarrard sues Officer Mathias for conducting a cross-gender strip search and for making demeaning sexual comments while doing so.

The Seventh Circuit has held that convicted prisoners "maintain a privacy interest, although diminished, in their bodies" under both the Fourth and Eighth Amendments. *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). The Fourth Amendment recognizes the interplay between the inmate's privacy interest and institutional concerns, and "thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id*. at 781. In general, courts must consider whether the search was unreasonable in light of: (1) the scope of the intrusion, (2) the manner in which it was performed, (3) the justification for it, and (4) the place where it occurred. *Id*. at 784. In the absence of an emergency, cross-gender strip searches are carefully scrutinized for reasonableness. *See Canedy v. Boardman*, 16 F.3d 183, 187 (7th Cir. 1994) ("[P]at-down searches and occasional or inadvertent sighting by female prison employees of [male] inmates in their cells or open showers do not violate the inmates' right to privacy. But that right is violated where this observation is more intrusive (like a strip search, in the absence of an emergency) or a regular occurrence."). Jarrard may proceed against Officer Mathias under the Fourth Amendment for conducting an allegedly unreasonable strip search.

The Eighth Amendment "safeguards prisoners against the use of searches that correctional officers subjectively intend as a form of punishment." *Henry*, 969 F.3d at 781. "[T]o state an Eighth Amendment claim [plaintiff] must show that the strip search

2

in question was not merely a legitimate search conducted in the presence of female correctional officers, but instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *see Williams v. Schlacter*, No. 23-CV-708-JDP, 2024 WL 324395, at *2 (W.D. Wis. Jan. 29, 2024) ("Strip-searches conducted in front of prison officials who are members of the opposite sex, if done in a humiliating manner, may rise to the level of an Eighth Amendment violation."). Jarrard may proceed against Officer Mathias on an Eighth Amendment claim for conducting an allegedly harassing strip search.

For these reasons, the court:

(1) **GRANTS** Payton Thomas Jarrard leave to proceed against Officer Mathias in her individual capacity for compensatory and punitive damages for conducting an allegedly unreasonable, cross-gender strip search on or around April 23, 2024, in violation of the Fourth Amendment;

(2) **GRANTS** Payton Thomas Jarrard leave to proceed against Officer Mathias in her individual capacity for compensatory and punitive damages for conducting a cross-gender strip search in an allegedly harassing manner on or around April 23, 2024, in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Mathias at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer Mathias to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: November 5, 2024

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4