UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAYTON THOMAS JARRARD,

  **Plaintiff,**

  v.             No. 3:24 CV 559

JEILYNN MATHEY,

  **Defendant.**

## OPINION and ORDER

Payton Thomas Jarrard, a prisoner without a lawyer, is proceeding in this case against Officer Jeilynn Mathey in her individual capacity for compensatory and punitive damages for (1) conducting an allegedly unreasonable, cross-gender strip search on or around April 23, 2024, in violation of the Fourth Amendment; and (2) conducting a cross-gender strip search in an allegedly harassing manner on or around April 23, 2024, in violation of the Eighth Amendment. (DE # 10 at 3.) Officer Mathey filed a motion for summary judgment, arguing Jarrard did not exhaust his administrative remedies before filing this lawsuit. (DE # 24.) Jarrard filed a response and Officer Mathey filed a reply. (DE ## 30, 31.) Jarrard then filed an authorized sur-response, and Officer Mathey filed a sur-reply. (DE ## 42, 43.) The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*.

Both parties agree to the following facts. On April 24, 2024, Jarrard submitted Grievance 180358, complaining that Officer Mathey subjected him to a cross-gender

2

strip search. (DE # 24-1 at 12-13; DE # 24-3 at 2.) Jarrard designated Grievance 180358 as an "Emergency PREA"[1] grievance, but the Grievance Specialist reviewed the video footage of the incident and determined Grievance 180358 did not qualify as an emergency or PREA grievance.[2] (DE # 24-1 at 13; DE # 24-3 at 3.) The Grievance Specialist then placed Grievance 180358 into a backlog of grievances his office was working through at the time. (DE # 24-1 at 13.) On June 6, 2024, the grievance office issued a receipt for Grievance 180358, noting its response to the grievance was due on June 27, 2024. (*Id.*; DE # 24-3 at 4; DE # 24-2 at 11 ("If the matter is not an emergency grievance, or a PREA grievance, the Offender Grievance Specialist has fifteen (15) business days from the date that the grievance is recorded to complete an investigation and provide a response to the offender").) On June 17, 2024, before the grievance office's response to Grievance 180358 was due, Jarrard filed his complaint in this lawsuit. (DE # 1.)[3] On August 13, 2024, the grievance office issued a response denying Grievance 180358. (DE # 24-1 at 13; DE # 24-3 at 5.) Jarrard never appealed the grievance office's

---

[1] PREA stands for the Prison Rape Elimination Act, 18 U.S.C. § 30301, *et seq*.

[2] If the grievance office had accepted Jarrard's designation of Grievance 180358 as an emergency or PREA grievance, this would have shortened the timeline for the grievance office to respond to the grievance. (*See* DE # 24-2 at 6 (the Grievance Specialist shall bring an emergency grievance to the warden for review and response "within one (1) business day of recording the emergency grievance.").) The Offender Grievance Process allowed Jarrard to appeal the grievance office's determination that Grievance 180358 was not an emergency or PREA grievance, but he did not do so. (*See id.* ("The determination that a grievance is not an emergency may be appealed through the normal grievance procedures as directed in this policy and administrative procedure."); DE # 24-1 at 14 (attesting Jarrard never submitted an appeal for Grievance 180358).)

[3] Jarrard placed his complaint in the prison mail system on June 17, 2024. (*See* DE # 1 at 4; *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (describing prison mailbox rule).)

denial of Grievance 180358, which was a necessary step to exhaust the grievance. (DE # 24-1 at 14.) Because neither party disputes these facts, the court accepts them as undisputed.

Here, the relevant date for determining whether Jarrard exhausted his available administrative remedies is June 17, 2024 – the date he filed this lawsuit. *See Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit). The undisputed facts show Jarrard was still in the process of exhausting Grievance 180358 on that date, meaning he had not finished exhausting his administrative remedies when he filed this lawsuit. *See Perez*, 182 F.3d at 535 ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and finish exhausting his administrative remedies later). Specifically, it is undisputed that the grievance office issued a receipt for Grievance 180358 on June 6, 2024, noting its response was due on June 27, 2024. (DE # 24-3 at 4.) Jarrard filed this lawsuit before the grievance office's response to Grievance 180358 was due, while he was still waiting for the grievance office's response to the grievance. (*See* ECF 1-1.) Thus, the undisputed facts show that Jarrard still was in the process of exhausting his remedies when he filed this lawsuit. *See Ford*, 362 F.3d at 400 (an inmate must "stick with [the grievance] process until its conclusion" and not "make a beeline for court" without giving the relevant

4

decisionmakers a meaningful chance to take action). Accordingly, because June 17, 2024, is the only relevant date for the exhaustion analysis, and the undisputed facts show Jarrard was still in the process of exhausting his administrative remedies at that time, Officer Mathey has met her burden to show that Jarrard had not finished exhausting his available administrative remedies when he filed this lawsuit.

While the exhaustion analysis could end there, the court addresses one other matter. The court notes the grievance office did not issue a response to Grievance 180358 until August 13, 2024, well after its June 27, 2024, response deadline had expired. This fact is not relevant here, as it is undisputed Jarrard filed this lawsuit on June 17, 2024, and whether his administrative remedies became unavailable after that date does not change the exhaustion analysis. Regardless, the undisputed facts show that Jarrard continued to have administrative remedies available to him even after June 27, as the Offender Grievance Process provided him with a new remedy to exhaust. Specifically, the Offender Grievance Process provides: "If the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the grievance had been denied." (DE # 24-2 at 13.) The grievance office issued a receipt for Grievance 180358 on June 6, 2024, meaning that Jarrard was allowed to submit a Level I appeal beginning on July 5, 2024. But it is undisputed that Jarrard never submitted any Level I appeal. Thus, not only was Jarrard still in the process of exhausting his remedies when he filed this lawsuit on June 17, 2024, but he continued to have available remedies even after that date.

5

Lastly, Jarrard argues in his response that different timelines should have applied to Grievance 180358 because he labeled it as an "Emergency PREA" grievance. But while it is true that different timelines apply for responding to emergency and PREA grievances, these grievances are still screened using the same process as regular grievances. *See Brock v. Centurion Health of Indiana, LLC*, No. 1:22-CV-1734-SEBCSW, 2024 WL 247272, at *3 (S.D. Ind. Jan. 23, 2024) (concluding the Offender Grievance Process "does not set out different processes for screening, rejecting, or logging emergency grievances"); *Peacher v. Reagle*, No. 1:21-CV-2361-JMS-TAB, 2022 WL 1017327 (S.D. Ind. Apr. 5, 2022) (concluding the Offender Grievance Process changes the procedure for *responding* to an emergency grievance, but does not change the procedure for *screening* an emergency grievance). It is undisputed that the grievance office screened Grievance 180358 and concluded it was not properly designated as an emergency or PREA grievance, and Jarrard did not appeal that determination. The grievance office therefore correctly proceeded by treating Grievance 180358 as a non-emergency grievance and applying the standard timelines in responding to the grievance. And even assuming the grievance office erred in its determination that Grievance 180358 was not an emergency or PREA grievance, it is undisputed that Jarrard had an available appeal remedy that he did not exhaust. (*See* DE # 24-2 at 6 ("The determination that a grievance is not an emergency may be appealed through the normal grievance procedures as directed in this policy and administrative procedure.").)

Accordingly, because it is undisputed that Jarrard was still in the process of exhausting Grievance 180358 when he filed this lawsuit, and Jarrard has not shown that he filed any other relevant grievance or that his administrative remedies were unavailable, Officer Mathey has met her burden to show Jarrard did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in favor of Officer Mathey.

For these reasons, the court:

(1) **GRANTS** Officer Mathey's motion for summary judgment (DE # 24); and

(2) **DIRECTS** the Clerk to enter judgment in favor of Officer Mathey and against Payton Thomas Jarrard and to close this case.

**SO ORDERED.**

Date: September 19, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT